1IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cr-00264-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIMOTHY SPIKES,

    Defendant.

## ORDER OF DETENTION

This matter was before the Court for an arraignment, discovery and detention hearing on June 4, 2019. Assistant United States Attorney Celeste Rangel represented the government, and David Johnson represented the Defendant. The Defendant did not contest detention.

The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant, based on the attached findings.

IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 4th day of June, 2019.

                          By the Court:

                          S/Michael E. Hegarty
                          Michael E. Hegarty
                          United States Magistrate Judge

United States v. Timothy Spikes
Case No. 19-cr-00264-WJM

## FINDINGS OF FACT, CONCLUSIONS OF LAW, and
## REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the court's file, the Pretrial Services Report, and the comments of counsel at the hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Indictment which has issued in this case charges Defendant with multiple serious violations of federal drug and gun laws. The rebuttable presumption of detention applies here.

Second, I note that in light of the Indictment in this case, probable cause exists to sustain the charges brought against Defendant.

Third, the parties conceded this order of detention at the hearing. Furthermore, given the numerous failures to appear, numerous felonies and misdemeanors, as well as Defendant's having an Escape conviction, he is a risk of nonappearance.

As a result, after considering all of these factors, I conclude there is a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant, and Defendant is remanded to the custody of the U.S. Marshal.