**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CASE NO. 1:19-cr-00264-WJM–1  &

   1:19-cr-00264-WJM-2

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. **Timothy Spikes**,

2. **Sylvia Montoya**

   Defendants.

---

**DEFENDANTS' JOINT MOTION FOR FED. R. CRIM. P.41(g) RETURN OF INFORMATION & REQUEST FOR LEAVE TO FILE ANY RELATED MOTIONS OUT OF TIME FOR GOOD CAUSE**

---

**COMES NOW**, Defendant(s) Sylvia Montoya ("Montoya"), Timothy Spikes ("Spikes"), through his/her attorneys, Benjamin Hartford and Jill Jackson, respectfully submits this Motion for Fed. R. Crim. P.41(g) Return of Information and, to the extent necessary, requests leave to file any related motions out of time for good cause, in support thereof, Defendants' state the following:

1. On or about January 4, 2021, counsel for Defendants' Spikes and Montoya learned about privileged communications with clients being recorded by GEO staff and, at times, provided to the government. And that Dawn Ceja, Assistant Facility Administrator at GEO, reported unauthorized access to recorded phone calls between Spikes and his Counsel, Benjamin Hartford, and that it was

1

part of an ongoing investigation. No other information was provided to, or known by, Defendants at that time. However, the Prosecution indicated that their agents were in contact with GEO and additional information would be produced.

2. On January 14, 2021, counsel for Defendants received a Report of Information ("ROI"), authored by ATF Special Agent Jason Cole, regarding the status of the ongoing GEO investigation into the recording, downloading, and potential dissemination of attorney-client calls at the facility. The ROI revealed that calls between Spikes and his attorney had been accessed and that access appeared to be unauthorized. Due to the ongoing internal investigation, Ceja could not provide complete information, but that she would produce a report with additional information, and that the matter was still under investigation.

3. Counsel for Defendants were in communications with the Prosecution regarding a timeline for production of documents and relevant jail calls. Counsel for Defendants also requested a preservation of evidence to avoid any spoliation issues during the investigation.

4. On or about February 2, 2021, Counsel for Defendants received a follow up ROI, authored by SA Cole, confirming that multiple conversations between Spikes and his attorney had been recorded, accessed, listened to, and downloaded and burned to disk. Specifically, identifying three individuals, employed by GEO, who participated in these actions and that this information is not complete as the investigation is still ongoing. Yet, the ROI indicated that additional information would be produced, including the audio recordings of the attorney-client calls, but that it would take time to gather and produce this information.

5. It should be noted that counsel for Defendants maintained frequent communications with the Prosecution to avoid any undue delay. Counsel for Defendants had a legitimate and good faith belief that additional relevant evidence would be produced, and relied, in good faith, on the Prosecutions' representations regarding the status and progress of the GEO investigation.

6. Additionally, counsel for Defendants have a good faith belief that the unauthorized access to Spikes' attorney-client calls, were accessed, provided, and listened to by State law enforcement agencies, and that there is a direct connection to State law enforcement officers and their actions in this case. Thus, proceeding on any Defense motion claiming a per se violation, of the Sixth Amendment, is not ripe for filing without first obtaining the relevant factual information, that the Defense was told would be forthcoming.[1]

7. On or about June 11, 2021, counsel for Defendants were notified that GEO was no longer cooperating with the United States Attorney's Office ("USAO"), had obtained legal counsel, and that the Criminal Division Chief, for the USAO, was involved in this matter and was diligently working to obtain additional information. In light of this development, Counsel for Montoya, Jill Jackson, and AUSA Thomas Minser, discussed the necessity of scheduling a meeting, in the coming weeks, with all parties, to confer regarding the status of the GEO investigation and next steps in Court proceedings.

---

[1] "The Tenth Circuit has held that a per se Sixth Amendment violation occurs when (1) there is a confidential attorney-client communication, (2) that the government becomes privy to, (3) because of a purposeful intrusion, and (4) without a legitimate justification." *United States v. Steele*, No. 5: 14-cr-40071-HLT (D. Kan. Sept. 30, 2020).

8. Moreover, counsel for Defendants have exhausted their efforts to investigate and obtain information. Defense investigator, Jason Chilson, made multiple attempts to reach witnesses and individuals named in the ROI, unfortunately to no avail. Per Investigator Chilson it became apparent that these witnesses were actively avoiding his contact and they all deployed nest/ring cameras to screen potential contact with Inv. Chilson or his staff. And refused to answer the door despite the fact they knew these witness were present through investigation.

9. It is counsel for Defendants' position that the Motion for Fed. R. Crim. P.41(g) Return of Information is timely, given the timing of information provided to Defense, representations that additional information would be produced, and the recently stalled GEO investigation. The request for Fed. R. Crim. P.41(g), is the appropriate remedy, albeit partial relief, as obtaining documents, recordings, and reports from GEO will necessitate Court intervention and filings of motions to produce and subpoenas. Including the consideration of appointment of a special master, or a request for the Court to appoint an outside entity to investigate, in consultation with the defense and prosecution, the conduct of GEO and the recording of legal communications and recommend appropriate remedies to the Court.

10. Moreover, counsel for Defendant's were not aware of this issue until well past the deadline for filing of pretrial motions.[2] To date, counsel for Defendants have only been provided with initial precursory investigative reports confirming multiple attorney-client conversations, between

---

[2] On March 3, 2020, the Court Ordered all pretrial motions shall be filed by no later than April 20, 2020 (ECF No. 63).

Spikes and his attorney were recorded, accessed, listened to, and downloaded. Including representations that discovery and related reports would be produced in a timely manner.

11. This request pertains to the unauthorized recording and access of attorney-client phone calls between Spikes and his attorney, Benjamin Hartford, which include multiple calls recorded over an extended period of time. Given the posture of this case, in joint Court proceedings, both Defendants suffer identical violations of the attorney-client privilege, based on the potential content of the calls (i.e., the documents discussed and reviewed, reaction to those documents, any motion and trial strategies discussed, including any notes taken by client and counsel are open to government inspection and review).

12. A defendant's unfettered and private ability to consult with counsel is essential to secure the fundamental right to due process and the protections of the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 684–85, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

13. Conferences between counsel and the defendant at GEO Detention Facility are within the scope of the attorney- client privilege, the oldest of the privileges for confidential communications known to the common law. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The privacy of these communications is "crucial to this relationship." *Al Odah v. United States*, 346 F.Supp.2d 1, 10 (D.D.C. 2004).

14. The attorney-client privilege extends to "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." *Fisher v. United States*, 425 U.S. 391, 403 (1976). It also extends to "at least those attorney to client communications which would have a tendency to reveal the confidences of the client." *Luis v. United States*, 136 S.C.t 1083, 1089 (2016) (noting the

5

"necessarily close working relationship between lawyer and client, the need for confidence, and the critical importance of trust . . ."; and that wrongful deprivation of counsel is structural error).

15.  Government interference with that right violates both constitutional guarantees and constitutes structural error.

> [A] prosecutor's intentional intrusion into the attorney-client relationship constitutes a direct interference with the Sixth Amendment rights of a defendant, and because a fair adversary proceeding is a fundamental right secured by the Sixth and Fourteenth Amendments, we believe that absent a countervailing state interest, such an intrusion must constitute a per se violation of the Sixth Amendment. In other words, we hold that when the state becomes privy to confidential communications because of its purposeful intrusion into the attorney-client relationship and lacks a legitimate justification for doing so, a prejudicial effect on the reliability of the trial process must be presumed. In adopting this rule, we conclude that no other standard can adequately deter this sort of misconduct. We also note that prejudice in these circumstances is so likely that case- by-case inquiry into prejudice is not worth the cost.

*Schillinger v. Haworth*, 70 F.3d 1132, 1142 (10th Cir. 1995).

16.  The accused "does not enjoy the effective aid of counsel if he is denied the right of private consultation [.]" *Mastrian v. McManus*, 554 F.2d 813, 820–21 (8th Cir. 1977), cert. denied, 433 U.S. 913 (1977).  If discovery of materials provided by an attorney to a client were permitted, "[t]he effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served."  *Upjohn*, 449 U.S. at 398.

17.  Rule 41(g) provides an immediate remedy for this violation. The rule provides a mechanism for a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property" to move for the property's return. *See* Rule 41(g).  Under this Rule, "[p]roperty" includes not only "tangible objects" such as "documents," but also "information." Rule 41(a)(2)(A).

18. Rule 41(e) provides that an aggrieved person may seek return of property that has been unlawfully seized, and a person whose property has been lawfully seized may seek return of property when aggrieved by the government's continued possession of it. Rule 41, Advisory Comm. Note to the 1989 Amendments.

19. Pursuant to Rule 41(g), the Defense asks that all recorded confidential legal communication be returned to counsel for Spikes, and through counsel, to the defendant. The Defense requests the Court to Order:

   a. That GEO disclose its policy regarding surveillance and documentation of legal communication;

   b. That GEO disclose how recorded legal communication is provided to the USAO or any law enforcement agency;

   c. That the parties be allowed to address other evidentiary matters as they arise in this developing investigation.

20. Once the evidence is presented and considered, the Defense reserves the right to request any of the sanctions recognized by the Tenth Circuit in *Schillinger v Haworth* 70 F.3d 1132, 1142-43 (10th Cir. 1995) (Identifying as appropriate remedies the recusal of government counsel, exclusion of evidence, retrial, or dismissal.).

**WHEREFORE**, Defendant(s) Sylvia Montoya ("Montoya"), Timothy Spikes ("Spikes"), through his/her attorneys, Benjamin Hartford and Jill Jackson, respectfully request this Court Grant their Motion for Fed. R. Crim. P.41(g) Return of Information and, to the extent necessary, grant leave to file any related motions out of time for good cause shown.

*/S/ Benjamin W. Hartford*
Benjamin W. Hartford, Esq.
Law Office of Benjamin Hartford LLC.
650 S Cherry Street Ste 1225
Denver CO 80246
Phone: 303.991.5757
Fax 303.974.3802
E-mail: ben@bhartfordlaw.com
*Attorney for Tim Spikes*

*/S/ Jill M Jackson*
Jill M Jackson #44517
Law Office of Jill M Jackson
650 S Cherry Street Ste 1225
Denver CO 80246
Phone: (303) 818-7209
E-mail: Jill@jilljacksonlaw.com
*Attorney for Montoya*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Celeste.Rangel@usdoj.gov

*/S/ Jill M Jackson*
Jill M Jackson #44517
Law Office of Jill M Jackson
650 S Cherry Street Ste 1225
Denver CO 80246
Phone: (303) 818-7209
E-mail: Jill@jilljacksonlaw.com