IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.: 19-cr-00264-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. TIMOTHY SPIKES,
2. SYLVIA MONTOYA,

    Defendants.

---

**RESPONSE TO DEFENDANTS' JOINT MOTION FOR FED. R. CRIM. P.41(g) RETURN OF INFORMATION & REQUEST FOR LEAVE TO FILE ANY RELATED MOTIONS OUT OF TIME FOR GOOD CAUSE**

---

The United States of America, by and through Matthew T. Kirsch, Acting United States Attorney for the District of Colorado, and Celeste Rangel, Assistant United States Attorney, hereby responds to Defendants' Joint Motion for Fed. R. Crim. P.41(g) Return of Information & Request for Leave to File Any Related Motions Out of Time for Good Cause [ECF #132].

## FACTUAL BACKGROUND

1.     On December 31, 2020, defense counsel for defendant Spikes notified the prosecution that GEO had released privileged calls between defense counsel and defendant Spikes to law enforcement involved in this case. This was the first time the prosecution had heard these allegations. AUSA Minser contacted ATF SA Pound, who had received consensually recorded jail calls of defendant Spikes from GEO in June 2019. SA Pound reviewed the June 2019 calls and after listening to a brief portion of

three of those calls, realized he was listening to a privileged call.  This information was disclosed to both defense counsel who in turn informed AUSA Minser that the issue with GEO was not the calls provided to SA Pound, but rather pertained to other calls they alleged to have been released to law enforcement.  All of this information was raised with the Court at the beginning of the January 5, 2021 motions hearing[1].

2.      Upon learning that the prosecution team had received privileged jail calls, the prosecutors immediately instituted measures to prevent the additional members of the prosecution from inadvertently accessing privileged communications and to mitigate any infringement on defendant Spikes' communications with defense counsel.  These measures included the establishment of a filter team to review the jail calls in the prosecution's possession.  ATF SA Cole was also utilized to investigate the information received from GEO.  Additionally, the Criminal Chief for the US Attorney's Office also contacted GEO regarding this issue.

3.      After reviewing the jail calls in the prosecution team's possession, the filter AUSA provided all jail calls to defense counsel.  ATF SA Cole also provided reports of his communications with GEO, which in turn were produced to defense counsel.  *See* Exhibit 1. To date, SA Cole's investigation confirmed that the allegations currently at issue before the Court do not involve jail calls previously provided to SA Pound in 2019.  On January 14, 2021, the Assistant Facilitator Administrator at GEO told SA Cole that recorded calls had not been downloaded from the system, which would be the case if the calls were

---

[1] Because the parties had all just learned of the information, the Court took no action on the defendants' allegations.

provided to a requesting law enforcement officer. *See id.* at INV_00002381[2]. This Administrator explained that the system does not record calls from inmates to their attorneys, so long as the attorney has registered their phone number within the system. *Id.* at INV_00002381-82. The Administrator explained that defendant Spikes' attorney did not register his phone number with the system from approximately March 2019 until March 2020. *Id.* at INV_00002382.

4. SA Cole spoke again with the Administrator on January 22, 2021. *See* Exhibit 1, INV_00002383. She also provided SA Cole with documentation pertaining to this issue on January 25, 2021. *Id.* Part of this documentation included a call log of recorded calls between Spikes and his attorney's number. *Id.* at INV_00002384. This call log showed the calls discussed above that were provided to SA Pound in June 2019; however, the call log showed that there were additional recorded calls with the attorney's number that were marked "Burn/Downloaded" that were not provided to SA Pound. *Id.* SA Cole noted that some of these calls were accessed by three women as named in his report. *Id.* at INV_00002385. As noted by SA Cole, he investigated if these women had any connection to the criminal case and no connection was determined. *Id.* SA Cole provided the jail calls received from the Administrator on January 25, 2021 to the US Attorney's Office, who in turn only provided them to the filter AUSA, who reviewed them and provided them to defense counsel.

5. When these allegations were first raised in January 2021, SA Pound inquired of

---

[2] The Bates numbers provided in discovery will be used to reference the specific page of SA Cole's report.

both the Aurora and Denver law enforcement personnel involved in this case if they had (1) asked for GEO to provide them with any jail calls of defendant Spikes, (2) asked any GEO employee to access jail calls of defendant Spikes, and (3) received any jail calls from GEO of defendant Spikes. Everyone indicated no in response to these questions, including Denver Police Department Sergeant Foster, whose wife was a long-time employee of GEO but did not work with jail calls and had no involvement in the instant case.

6. Since learning of this information from defense counsel on January 4, 2021, the prosecution team, SA Cole, and the Criminal Chief have all made repeated efforts to obtain from GEO the results of their internal investigation, specifically if they had released privileged jail calls and to whom. Every time defense counsel inquired as to the status of these efforts and were told the government did not possess the results from GEO, they were also informed that should the government obtain this information, it would be shared with them. To date, and despite these efforts, the results of the internal investigation have not been provided to the government.

7. On July 12, 2021, the prosecution team was working on unrelated trial matters. SA Pound indicated he was going to contact Sergeant Foster. Undersigned counsel requested that, since undersigned counsel was working on the response to the defendants' motion, SA Pound confirm an additional time that Sergeant Foster's response to the above-detailed questions remained negative. Sergeant Foster's responses to the above-detailed questions remain negative, but SA Pound informed undersigned counsel that Sergeant Foster's wife was one of four individuals terminated from employment with

GEO as part of their internal investigation. She has retained a lawyer and is appealing her termination as wrongful. She maintains she had nothing to do with jail calls and no involvement in this case. Sergeant Foster maintains she had no involvement in this case, he never requested her to access calls, they never discussed the defendants, and he never accessed jail calls in this case.

## LEGAL FRAMEWORK AND ARGUMENT

8. The defendants cite Fed. R. Crim. P. 41(g) as authority for their motion. Rule "41(g) governs requests for return of property seized *in connection with* a criminal investigation." *United States v. Giannukos*, 2020 WL 6680384, *2 (D.Kan. 2020) (emphasis added). The rule is one of equitable remedy and the Court "should exercise its equitable power to grant relief only if the Rule 41(g) movant shows irreparable harm and an inadequate remedy at law." *United States v. Shigemura*, 664 F.3d 310, 312 (10th Cir. 2011).

9. Rule 41(g) "entitles a person to the return of his property that has been unlawfully seized by a *federal law enforcement officer*." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (emphasis added). In the instant case, the property was not seized by or under the authority of a federal law enforcement officer. Consequently, when the United States does not have possession of the property, "it is not the appropriate party from which to request its return," that is, the United States cannot return property it does not have. *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997); *see also United States v. Marshall*, 338 F.3d 990, 995 (9th Cir. 2003). In the instant matter, the United States does not have possession of defendant Spikes' requested property. Thus, this Court has no

5

jurisdiction under Rule 41(g) to return his property. Further, the United States never requested local law enforcement to access or obtain this information, and as discussed further below, state local law enforcement never obtained or possessed these calls. *See United States v. Copeman*, 458 F.3d 1070, 1072 (10th Cir. 2006) ("property seized by and held by state law enforcement not in constructive possession of the United States for Rule 41(g) purposes unless it is being held for potential use as evidence in a federal prosecution…Absent such use, the United States has no interest in the property.") (internal citations omitted).

10. The defendants' motion states they have a "good faith belief" that GEO released privileged calls to "State law enforcement agencies," but there is no evidence to support this allegation. Local law enforcement involved in this case have assured SA Pound and undersigned counsel that they have never requested, accessed, or received the calls the defendants allege were released by GEO. ATF and the prosecutors have never received or accessed the calls the defendants allege were released by GEO. No part of this prosecution has ever or will ever involve the calls at issue. And despite repeated efforts to obtain these calls and information as to who accessed the calls and if they were released, the government has been unable to obtain this information. The government cannot provide the defendants with information not within its possession or control[3]. The government has engaged in a reasonable inquiry into the defendants' allegations and

---

[3] GEO is a private corporation contract facility that houses federal inmates; it is not a member of the prosecution team. *See Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 824 (10th Cir. 1995) (the "prosecution for *Brady* purposes encompasses not only the individual prosecutor handling the case, but also extends to the prosecutor's entire office, as well as law enforcement personnel and other arms of the state involved in *investigative* aspects of a particular criminal venture.") (emphasis added). Despite this, the government attempted to obtain this information in order to disclose it to defense counsel.

would disclose their requested information if able to obtain it.

11. Further complicating the ability to obtain this information is the fact that the defendants are actively engaged in civil litigation with GEO on this exact issue. *See* 21-cv-00681-KLM. The defendants filed their civil lawsuit on March 6, 2021. *Id.* Because this precise issue is being actively litigated by the defendants and GEO, the defendants fail to show irreparable harm and have an adequate remedy at law. Civil discovery rules are broader than the criminal rules and the defendants have sued the actual entity involved. The criminal case cannot be used to obtain information solely at issue in a civil case. Because members of the prosecution team have not requested, accessed, heard, or possessed the calls alleged to have been released by GEO, this matter is solely at issue in the defendants' civil case.

12. There is no Sixth Amendment violation in this case. As noted, GEO is a private corporation and not a government actor in this context. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840-42 (1982) (fact that a private entity contracts with the government or receives governmental funds or other kinds of governmental assistance does not automatically transform the conduct of that entity into state action); *San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 544 (1987) ("The Government may subsidize private entities without assuming constitutional responsibility for their actions."). The government violates the Sixth Amendment right to effective counsel if it *deliberately* interferes with the confidential relationship *and* that interference prejudices the defendant. *Weatherford v. Bursey*, 429 U.S. 545 (1977). The Tenth Circuit has held that prejudice is presumed when "the state becomes privy to confidential

communications because of its purposeful intrusion into the attorney-client relationship and lacks a legitimate justification for doing so." *Shillinger v. Haworth*, 70 F.3d 1132, 1142 (10th Cir. 1995).

13. Here, the government did not interfere with the defendants' Sixth Amendment right to counsel in any way. Because there is no government action underlying the defendants' allegations, there can be no Sixth Amendment violation in this case.

## CONCLUSION

14. The defendants' allegations do not implicate their Sixth Amendment rights in this case. There has been no governmental action, much less interference, with their right to counsel. Because the defendants are engaged in active civil litigation with GEO over the exact issue raised in their Motion, they have an adequate remedy at law and can obtain the information they seek through the civil discovery process. No part of the prosecution involves the alleged calls and the government does not possess or control the alleged calls. Accordingly, the defendants' Joint Motion for Fed. R. Crim. P.41(g) Return of Information & Request for Leave to File Any Related Motions Out of Time for Good Cause should be denied.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By: *s/Celeste Rangel*
CELESTE RANGEL
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
Fax: (303) 454-0405
E-mail:celeste.rangel@usdoj.gov
Attorney for the government

# CERTIFICATE OF SERVICE

      I hereby certify that on July 14, 2021, I electronically filed Response to Joint Motion for Fed. R. Crim. P.41(g) Return of Information & Request for Leave to File Any Related Motions Out of Time for Good Cause with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties on record.

                                    *s/Celeste Rangel*
                                      CELESTE RANGEL
                                      Assistant United States Attorney