IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.: 19-cr-00264-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. TIMOTHY SPIKES,
2. SYLVIA MONTOYA,

    Defendants.

**SUR-REPLY TO DEFENDANTS' JOINT REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR FED. R. CRIM. P.41(g) RETURN OF INFORMATION & REQUEST FOR LEAVE TO FILE ANY RELATED MOTIONS OUT OF TIME FOR GOOD CAUSE**

The United States of America, by and through Matthew T. Kirsch, Acting United States Attorney for the District of Colorado, and Celeste Rangel, Assistant United States Attorney, hereby file its sur-reply pursuant to the Court's July 20, 2021 Order [ECF #137]. This sur-reply only addresses the factual representations raised in the defendants' Reply [ECF #136] and additional factual allegations raised by defense counsel to undersigned counsel the afternoon of July 22, 2021.

    **A. The allegations regarding Investigator Dortch's supplemental report**

1.    Defense counsel for defendant Spikes alleges that he had a confidential conversation with defendant Spikes at an undisclosed time prior to October 16, 2020. Defense counsel claims that Officer Dortch submitted a supplemental report in the weeks preceding this call. *See* Reply at p.2, ¶1. Presumably, given the context of the Reply, defense counsel meant that Officer Dortch submitted his supplemental report after this

unknown privileged phone conversation with defendant Spikes occurred. There is no date or timeframe provided for when the privileged conversations detailed by defense counsel for Spikes are alleged to have occurred, just that they occurred at some time prior to October 16, 2020.

2.     Investigator Dortch authored a supplemental report on October 21, 2020. *See* Exhibit 1. As indicated in his report, he was preparing for the motions hearing that was then set for October 21, 2020. At issue since the filing of the defendants' motion to dismiss on April 20, 2020 was the SD card seized from the defendants' vehicle. With each defense filing, additional issues pertaining to the SD card and the search were alleged and the defendants' allegations of the SD card being accessed and manipulated were at issue for the October 21, 2020 motions hearing. Investigator Dortch looked over the evidence of the search, made the observations contained in his supplemental report, and was requested to write the report in order to provide it to the defendants. At the motions hearings held in December 2020 and January 2021, the defendants' tendered the inventory log to the Court as an exhibit to their motion to dismiss.

3.     Upon receiving the defendants' Reply, Investigator Dortch was contacted by undersigned counsel and ATF SA Pound regarding the defendants' allegations. As he has done every time he has been asked, he denied accessing any of defendant Spikes' privileged jail calls or having any involvement with the accessing of defendant Spikes' privileged jail calls. Investigator Dortch also provided an affidavit with his sworn statement denying the defendants' allegations. *See* Exhibit 2.

**B. Defendant Spikes' allegations of statements made by GEO employees**

4.      Defendant Spikes alleges that he was told by certain GEO employees that local law enforcement with the Aurora and Denver Police Departments were accessing his privileged calls.  *See* Reply at p.2-3, ¶¶4-5.  The government has no information to Major Garcia or Ms. Shook, including their first names, as they were not interviewed by Agent Cole based on his conversations with Ms. Ceja.  As for the representations of statements made by Ms. Ceja to defendant Spikes, the government has provided the Court with all the information it has as to information provided to the government by Ms. Ceja.  *See* ECF #134-1.

### C. Additional allegations regarding Denver Police Department Sergeant Foster

5.      On the afternoon of July 22, 2021, undersigned counsel received an email from defense counsel regarding additional information they had learned about Sergeant Foster and his wife.  *See* Exhibit 3[1].  Because this information was provided to the government after the filing of the defendants' Reply, the government agreed to include the allegations and the government's response in this sur-reply to avoid another filing by defense counsel and enable the Court to resolve the defendants' motion.

6.      After receiving the additional allegations, undersigned counsel and ATF SA Pound reached out to Sergeant Foster.  As he has consistently done every time he has been asked about the defendants' allegations, Sergeant Foster denied accessing defendant Spikes' privileged jail calls or having any involvement with the accessing of defendant Spikes' privileged jail calls.  *See* Exhibit 4.  Sergeant Foster provided an affidavit to the

---

[1] Two of the attachments (both titled Comprehensive Report) are not filed with this sur-reply as both contain personal identifying information which requires such redactions as to render each page black.

government with his sworn statement denying the defendants' allegations. *See* Exhibit 5.

### D. This case is vastly different from *Carter*

7. The defendants cite to *United States v. Carter*, 429 F.Supp.3d 788 (D.Kan. 2019) (*order vacated in part*, 2020 WL 430739 (D.Kan. January 28, 2020), in support of their motion. Importantly, in *Carter*, the government "possessed soundless video recordings of attorney visitation rooms at [a detention facility], and possessed and distributed audio recordings of telephone calls between several detainees and their counsel." *Id.* at p. 798. Furthermore, the government counsel in *Carter* was uncooperative with the court and a special investigator appointed by the court to investigate the government's actions. *Id.* at 799.

8. Here, the government has never requested defendant Spikes' privileged jail calls. After it learned that it inadvertently received privileged jail calls, a filter team was put in place, the prosecution team was excluded from any information contained on those calls, and the calls were provided to defense counsel. At no time has the government requested anyone, local or federal law enforcement or GEO employees, access or listen to privileged jail calls. Every time allegations have been raised that members of the prosecution team were listening to defendant Spikes' privileged jail calls, those members were contacted and have consistently denied the defendants' allegations, including now in sworn statements provided to the Court. For months, the government sought to provide defense counsel with the investigation conducted by GEO into the defendants' allegations and despite those efforts, was unable to obtain any additional information from GEO.

9.      The defendants acknowledge that they are not alleging the U.S. Attorney's Office possessed or accessed these calls, but maintain that local law enforcement accessed defendant Spikes' privileged calls.  As detailed above, there is no evidence to support these allegations, which have been consistently denied by the local law enforcement involved in this prosecution.

## CONCLUSION

10.     The defendants' reply raises new allegations but no evidence to support these allegations.   The government has never accessed, requested, or possessed the challenged privileged calls of defendant Spikes and the two officers specifically alleged of wrongdoing in the defendants' reply have denied the defendants' allegations in sworn statements.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

By: *s/Celeste Rangel*
CELESTE RANGEL
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
Fax: (303) 454-0405
E-mail:celeste.rangel@usdoj.gov
Attorney for the government

# CERTIFICATE OF SERVICE

I hereby certify that July 26, 2021, I electronically filed SUR-REPLY TO DEFENDANTS' JOINT REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR FED. R. CRIM. P.41(g) RETURN OF INFORMATION & REQUEST FOR LEAVE TO FILE ANY RELATED MOTIONS OUT OF TIME FOR GOOD CAUSE with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties on record.

*s/Celeste Rangel*
CELESTE RANGEL
Assistant United States Attorney