IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00264-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. TIMOTHY SPIKES,
2. SYLVIA MONTOYA,

      Defendants.

---

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

---

      The United States of America (the Government), by Acting United States Attorney Matthew T. Kirsch, and the undersigned Assistant United States Attorneys, respectfully submits the following proposed jury instructions.

      Respectfully submitted this 1st day of August, 2021.

MATTHEW T. KIRSCH
Acting United States Attorney
District of Colorado

By:   *s/Celeste Rangel*
Celeste Rangel
Valeria Spencer
Assistant United States Attorneys
U.S. Attorney's Office
1801 California St.
Denver, CO  80202
Telephone: (303) 454-0100
e-mail: celeste.rangel@usdoj.gov
Attorneys for the Government

GOVERNMENT'S INSTRUCTION NO. 1

Members of the Jury:

At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by two assistant United States attorneys, Celeste Rangel and Valeria Spencer. The defendant, Timothy Spikes, is represented by his lawyer, Benjamin Hartford and the defendant, Sylvia Montoya, is represented by her lawyer, Jill Jackson.

The indictment charges the defendants with [read or summarize the indictment]. The indictment is simply the description of the charge made by the government against the defendants; it is not evidence of guilt or anything else. The defendants pleaded not guilty and are presumed innocent. They may not be found guilty by you unless all twelve of you unanimously find that the government has proved their guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, the defendants' attorneys may make an opening statement. [Change if the defendant reserves his statement until later or omit if the defendant has decided not to make an opening statement.]

Evidence will be presented from which you will have to determine the facts.  The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendants' lawyer may [make an opening statement and] present evidence, but they are not required to do so. I remind you that the defendants are presumed innocent and it is the government that must prove the defendants' guilt beyond a reasonable doubt. If the defendants submit evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible,

but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

[The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.]

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

During the course of the trial, you should not talk with any witness, or with the defendants, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, _____, you may present the opening statement for the government.

Source: 10th Circuit Pattern Instructions 1.01 and 1.02 (2021)

GOVERNMENT'S INSTRUCTION NO. 2

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

Source: 10th Circuit Pattern Instruction 1.04 (2021)

GOVERNMENT'S INSTRUCTION NO. 3

The government has the burden of proving the defendants guilty beyond a reasonable doubt. The law does not require a defendant to prove his or her innocence or produce any evidence at all. The government has the burden of proving the defendants guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendants not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendants' guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendants are guilty of the crime charged, you must find them guilty. If on the other hand, you think there is a real possibility that they are not guilty, you must give them the benefit of the doubt and find them not guilty.

Source: 10th Circuit Pattern Instruction 1.05 (2021)

GOVERNMENT'S INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Source: 10th Circuit Pattern Instruction 1.06 (2021)

GOVERNMENT'S INSTRUCTION NO. 5

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

Source: 10th Circuit Pattern Instruction 1.07 (2021)

GOVERNMENT'S INSTRUCTION NO. 6

I remind you that it is your job to decide whether the government has proved the guilt of the defendants beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Source: 10th Circuit Pattern Instruction 1.08 (2021)

GOVERNMENT'S INSTRUCTION NO. 7

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

Source: 10th Circuit Pattern Instruction 1.08.1 (2021)

GOVERNMENT'S INSTRUCTION NO. 8

You have heard evidence that the defendant Timothy Spikes has been convicted of a felony, that is, a crime punishable by imprisonment for a term of years. This conviction has been brought to your attention as prove of the crime charged in Count 4 and because you may wish to consider it when you decide, as with any witness, how much of his testimony you will believe in this trial. The fact that the defendant has been convicted of another crime does not mean that he committed the crime charged in this case, and you must not use his prior conviction as proof of the crime charged in this case. You may find him guilty of the crime charged here only if the government has proved beyond a reasonable doubt that he committed it.

Source: 10th Circuit Pattern Instruction 1.11 (2021), modified to reflect substantive proof of 18 U.S.C. § 922(g)(1)

GOVERNMENT'S INSTRUCTION NO. 9

During the trial, you heard the testimony of experts.  In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Source: 10th Circuit Pattern Instruction 1.17 (2021)

GOVERNMENT'S INSTRUCTION NO. 10

You will note that the indictment charges that the crimes were committed on or about March 6, 2019 and March 28, 2019 .  The government must prove beyond a reasonable doubt that the defendants committed the crimes reasonably near the time periods alleged.

Source: 10th Circuit Pattern Instruction 1.18 (2021)

GOVERNMENT'S INSTRUCTION NO. 11

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants  guilty of the crimes charged. The defendants are not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.  The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether these defendants have been proved guilty of the crime charged.

Source: 10th Circuit Pattern Instruction 1.19 (2021)

GOVERNMENT'S INSTRUCTION NO. 12

If you find the defendants guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

Source: 10th Circuit Pattern Instruction 1.20 (2021)

GOVERNMENT'S INSTRUCTION NO. 13

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power and intent at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

More than one person can be in possession of an object if each knows of its presence and has the power to control it.

In the situation where the object is found in a place (such as a room or car) occupied by more than one person, you may not infer power or intent to exercise control over the object based solely on joint occupancy.  Mere control over the place in which the object is found is not sufficient to establish constructive possession.  Instead, in this situation, the government must prove some connection between the particular defendant and the object demonstrating the power and intent to exercise control over the object.

10th Circuit Pattern Jury Instructions, No. 1.31 (2021), modified.

GOVERNMENT'S INSTRUCTION NO. 14

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

Source: 10th Circuit Pattern Instruction 1.37 (2021)

GOVERNMENT'S INSTRUCTION NO. 15

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.

Source: 10th Circuit Pattern Instructions 1.39 and 1.39.1 (2021)

GOVERNMENT'S INSTRUCTION NO. 16

The Indictment reads as follows:

## COUNT 1

On or about March 6, 2019, in the State and District of Colorado, the defendant, TIMOTHY SPIKES, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely the offenses charged in Counts 2 and 3.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 2

On or about March 6, 2019, in the State and District of Colorado, the defendant, TIMOTHY SPIKES, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance.

All in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(C).

## COUNT 3

On or about March 6, 2019, in the State and District of Colorado, the defendant, TIMOTHY SPIKES, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(C).

## COUNT 4

On or about March 6, 2019, in the State and District of Colorado, the defendant, TIMOTHY SPIKES, possessed a firearm and ammunition, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, and did so knowingly, the above firearm and ammunition being in and affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 5

On or about March 28, 2019, in the State and District of Colorado, the defendants, TIMOTHY SPIKES and SYLVIA MONTOYA, did knowingly and intentionally possess with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance, and intentionally did aid, abet, counsel, command, induce, and procure the same.

All in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2.

## COUNT 6

On or about March 28, 2019, in the State and District of Colorado, the defendants, TIMOTHY SPIKES and SYLVIA MONTOYA, did knowingly and intentionally possess with intent to distribute 5 grams or more of a mixture and substance containing methamphetamine (actual), a Schedule II controlled substance, and intentionally did aid, abet, counsel, command, induce, and procure the same.

All in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2.

## COUNT 7

On or about March 28, 2019, in the State and District of Colorado, the defendants, TIMOTHY SPIKES and SYLVIA MONTOYA, did unlawfully and knowingly use and maintain a place located at 3966 S. Wadsworth, Apartment #201, Lakewood, Colorado, for the purpose of distributing cocaine base and methamphetamine, controlled substances, and intentionally did aid, abet, counsel, command, induce, and procure the same.

All in violation of Title 21, United States Code, § 856(a)(1) and 18 U.S.C. § 2.

## COUNT 8

On or about March 28, 2019, in the State and District of Colorado, the defendant, TIMOTHY SPIKES, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(C).

As you have been instructed, the indictment is simply the description of the charges made by the government.  It is not evidence of guilt or anything else.

GOVERNMENT'S INSTRUCTION NO. 17

The defendant Timothy Spikes is charged in Count 1 with a violation of 18 U.S.C. § 924(c)(1)(A)(i).

This law makes it a crime to possess a firearm in furtherance of a drug trafficking crime.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant committed the crime of possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack cocaine), as charged as count 2 of the Indictment, and the crime of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, both of which are drug trafficking crimes;

*Second*: The defendant possessed a firearm in furtherance of these crimes.

The term "firearm" means any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing or achieving the goal or objective of the underlying offense.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime.  Some factors that may help in

determining whether possession of a firearm furthers, advances or helps advance a drug trafficking crime include, but are not limited to:

1. The type of criminal activity that is being conducted;

2. Accessibility of the firearm;

3. Type of firearm;

4. Whether the firearm is stolen;

5. The status of the possession (legitimate or illegal);

6. Whether the firearm is loaded;

7. The time and circumstances under which the firearm is found;

8. Proximity to drugs or drug profits.

Source: 10th Circuit Pattern Jury Instructions 2.45.1 (2021)

GOVERNMENT'S INSTRUCTION NO. 18

The defendant Timothy Spikes is charged in Count 2 with a violation of 21 U.S.C. § 841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*: the substance was in fact cocaine base (crack cocaine); and

*Third*: the defendant possessed the substance with the intent to distribute it.

Cocaine base (crack cocaine) is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Source: 10th Circuit Pattern Jury Instructions 2.85 (2021)

GOVERNMENT'S INSTRUCTION NO. 19

The defendant Timothy Spikes is charged in Count 3 with a violation of 21 U.S.C. § 841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*: the substance was in fact methamphetamine; and

*Third*: the defendant possessed the substance with the intent to distribute it.

Methamphetamine is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Source: 10th Circuit Pattern Jury Instructions 2.85 (2021)

GOVERNMENT'S INSTRUCTION NO. 20

The defendant Timothy Spikes is charged in count 4 with a violation of 18 U.S.C. Section 922(g)(1).

This law makes it a crime for any person who has been previously convicted in any court of a felony to knowingly possess any firearm or ammunition, in or affecting interstate or foreign commerce.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant knowingly possessed a firearm or ammunition;

Second: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition;

Third: the defendant knew that he was convicted of a felony, that is a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition; and

Fourth: before the defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another or from a foreign country to the United States.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Source: 10th Circuit Pattern Instruction 2.44 (2021), as modified by *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

GOVERNMENT'S INSTRUCTION NO. 21

The defendants are charged in Count 5 with a violation of 21 U.S.C. § 841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendants guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendants knowingly or intentionally possessed a controlled substance as charged;

*Second*: the substance was in fact cocaine base (crack cocaine);

*Third*: the defendants possessed the substance with the intent to distribute it; and

*Fourth*: the amount of controlled substance possessed by the defendants was 28 grams or more of cocaine base (crack cocaine).

Cocaine base (crack cocaine) is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Source: 10th Circuit Pattern Jury Instructions 2.85 (2021)

GOVERNMENT'S INSTRUCTION NO. 22

The defendants are charged in Count 6 with a violation of 21 U.S.C. § 841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendants guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendants knowingly or intentionally possessed a controlled substance as charged;

*Second*: the substance was in fact methamphetamine;

*Third*: the defendants possessed the substance with the intent to distribute it; and

*Fourth*: the amount of controlled substance possessed by the defendants was 5 grams or more of methamphetamine (actual).

Methamphetamine is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Source: 10th Circuit Pattern Jury Instructions 2.85 (2021)

GOVERNMENT'S INSTRUCTION NO. 23

The defendants are charged in Count 7 with a violation of 21 U.S.C. § 856(a)(1).

This law makes it a crime to knowingly use or maintain any place for the purpose of distributing any controlled substances.

To find the defendants guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant maintained a place located at 3966 S. Wadsworth, Apartment #201, Lakewood, Colorado for the purpose of distributing a controlled substance; and

*Second*: the defendant knew that the place was or would be used for such purpose.

Cocaine base (crack cocaine) and methamphetamine are controlled substances within the meaning of the law.

A defendant "knowingly maintains" a residence through the following actions:

1. Acts showing such matters as control, duration, acquisition of the site;
2. Renting or furnishing the site;
3. Repairing the site;
4. Supervising, protecting, supplying the food to those at the site;
5. Continuity considered alone or in combination with evidence of distribution from that place.

Where the "place" in question is a residence, the defendant must have a "substantial connection" to the residence and must be more than a "casual visitor" in order to satisfy the "maintained" element.  If the defendant does not live in the "place" a "substantial connection" requires the government to prove that the defendant exercised control over the "place."  Some factors to be considered are whether the defendant owned or rented the "place;" the amount of time the defendant was present at the "place;" the defendant's activities at the "place" and the defendant's supervision of others at the "place."

Source: 10th Circuit Pattern Instruction 2.89 (2021); *United States v. Sells*, 477 F.3d 1226, 1237-38 (10th Cir. 2007).

GOVERNMENT'S INSTRUCTION NO. 24

Counts 5 through 7 of the Indictment also charge a violation of 18 U.S.C. § 2, which provides that: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime.  To find the defendants guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: every element of the crime charged [as outlined in Instruction __] was committed by someone other than the defendant; and

*Second*: the defendant intentionally associated himself/herself in some way with the crime and intentionally participated in it as he/she would in something he/she wished to bring about.  This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him/her.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting.  But a general suspicious that an unlawful act may occur or that something criminal is happening is not enough.  Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Source: 10th Circuit Pattern Instruction 2.06 (2021)

GOVERNMENT'S INSTRUCTION NO. 25

The defendant Timothy Spikes is charged in Count 8 with a violation of 21 U.S.C. § 841(a)(1).

This law makes it a crime to possess a controlled substance with the intent to distribute it.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*: the substance was in fact heroin; and

*Third*: the defendant possessed the substance with the intent to distribute it.

Heroin is a controlled substance within the meaning of the law.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Source: 10th Circuit Pattern Jury Instructions 2.85 (2021)

GOVERNMENT'S INSTRUCTION NO. 26

You will notice that the indictment charges that the defendant violated the statute in various ways.  For instance, Count 4 of the indictment accuses the defendant of possessing a firearm and ammunition.

The government is not required to prove possession of **both** a firearm **and** ammunition.  Proof beyond a reasonable doubt of possession of **either** a firearm **or** ammunition is sufficient.

Your verdict must be unanimous.  In order to return a guilty verdict, all twelve of you must agree upon which of the listed acts, if any, the defendant committed and that he committed at least one of the acts listed.

Source: *United States v. Gunter*, 546 F.2d 861, 868-69 (10th Cir. 1976) ("It is hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive and thereafter proven in the disjunctive.").

GOVERNMENT'S INSTRUCTION NO. 27

In a moment the bailiff will escort you to the jury room. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff.  I will either reply in writing or bring

you back into the courtroom to respond to your message.  Under no circumstances
should you reveal to me the numerical division of the jury.

Source: 10th Circuit Pattern Instruction 1.23 (2021)