IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00264-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

TIMOTHY SPIKES,
SYLVIA MONTOYA,

Defendants.

## DEFENDANT'S JOINT MOTION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

The Defendants Timothy Spikes and Sylvia Montoya, hereby moves for a 67-day exclusion of time under the Speedy Trial Act. The Government has no objection to the motion.

**PROCEDURAL BACKGROUND**

1. In May of 2019, Timothy Spikes and Sylvia Montoya were indicted as co-defendants. Specifically, the indictment charged Spikes with violations of 18 U.S.C. § 924(c)(1)(A)(i) (Count 1), 21 U.S.C. § § 841(a)(1) and (b)(1)(C) (Counts 2, 3, and 8), and a violation of 18 U.S.C. § 922(g)(1) (Count 4), and then charged Spikes and Montoya for violations of 21 U.S.C. § § 841(a)(1) and (b)(1)(B)(iii) (Counts 5 and 6), and a violation of 21 U.S.C. § 856(a)(1) (Count 7). [ECF-1]. On June 4, 2019, Spikes and Montoya were arraigned, and Spikes was ordered detained, while Montoya was granted pretrial release. [ECF 18-20].

2. On June 20, 2019, the attorney for Spikes filed a motion to withdraw in conjunction with his new counsel filing his entry of appearance. And on June 21, 2019, the motion to withdraw was granted.

3. On June 24, 2019, the the Defense Jointly filed an unopposed motion for an ends of justice continuance, requesting that 180 days be excluded from the speedy trial calculation. [ECF-33]

4. The following day, the request for continuance was granted in part, and the Court excluded all days from June 25, 2019 through October 23, 2019, from the speedy trial calculation, setting the trial date on December 2, 2019. [ECF-35; ECF-36]

5. On October 30, 2019, the unopposed motions for an ends of justice continuances were filed by the attorneys for Spikes and Montoya, requesting that 180 days be excluded from the speedy trial calculation. [ECF-46; ECF-47].

6. On November 4, 2019, the Court granted the motion in part, and excluded all days from November 4, 2019 through February 29, 2020 from the speedy trial calculation. The Court then set a trial date of March 30, 2020. [ECF-49; ECF-50].

7. On February 28, 2020, the Defense jointly filed its third unopposed motion for ends of justice continuance, requesting 45 days be excluded from the speedy trial calculation. [ECF-61].

8. On March 2, 2020, the Court granted the motion and excluded all days from March 2, 2020 through April 16, 2020, from the speedy trial calculation. The Court then set a trial date of May 18, 2020. [ECF-61; ECF-62].

9. On April 20, 2020, Counsel(s) for the Defendants filed a joint motion to requesting dismissal of the indictment and the suppression of evidence. [ECF-68]. In response, the

Court vacated the May 18, 2020 trial date, and ordered the government a response by the government. [ECF-69].

10. Based upon the motion and the government's response, further briefing on the matter was ordered by the Court before ultimately ordering an evidentiary hearing to take place on October 21, 2020. [ECF-91]. But due to the unavailability of several witnesses, the matter was continued to December 9, 2020. [ECF-92; ECF-93].

11. On December 9, 2020, the evidentiary hearing started, but was unable to be completed. [ECF-101]. The hearing was continued to January 5, 2021, at which time the testimony was completed, and the Court took the matter under advisement. [ECF-102; ECF-104].

12. On January 12, 2021, the Defendants filed a motion requesting leave to file a Franks Motion. [ECF-105]. The Court granted the motion on January 22, 2021. [ECF-107].

13. On January 29, 2021, the Defense jointly filed a joint motion requesting a Franks hearing. [ECF-108]. In accordance with subsequent orders from this Court, the government filed its response on February 16, 2021, and defense filed a joint reply on March 15, 2021. [ECF-110; ECF-112].

14. On May 10, 2021, the Court granted in part and denied in part the joint defense motion for dismissal and suppression of evidence [ECF-68], and denied the joint defense motion requesting a Franks hearing [ECF-108]. [ECF-113].

15. The Government moved for and was granted a 90 day EOJ motion to continue on May 14, 2021 [ECF-117]. [ECF-116]

16. Based procedural nature of the case, the parties believe that 16 days remain under

the Speedy Trial Act.[1]

17.     Accordingly, the Defendant's Jointly moves to exclude an additional 67 days from the Speedy Trial Act for the reasons stated below.

## LEGAL AUTHORITY AND ARGUMENT

18.     The Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174 provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

19.     The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Speedy Trial Act requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). The basis for this motion is one such period of delay. *See* § 3161(h)(7)(A); *see also Hill*, 197 F.3d at 440-41.

20.     Certain prerequisites must be satisfied before a continuance can qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A). First, the Court must

---

[1] Government's Speedy Trial Calculation is the following: June 4, 2019 through June 19, 2019 = 16/70 days; June 22, 2019 through June 23, 2019 = 18/70 days; October 24, 2019 through October 29, 2019 = 24/70 days; April 17, 2020 through April 19, 2020 = 27/70 days; April 15, 2021 through May 11, 2021 = 54/70 days.

consider the quadripartite factors in § 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, the reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

21. Counsel for Mr. Spikes on August 10th, 2021 informed this Court that his father had taken ill with Covid-19 and Pneumonia and had been admitted to the hospital and was in very serious life-threatening condition and had requested a continuance [ECF 155]. This occurred one day after the trial readiness conference. This Court ordered counsel to provide medical documentation to this Court on the same day verifying the condition and risks to Mr. Hartford's father which was accomplished that same day

[ECF 166]. Mr. Hartford was then able to attend to his father in Florida and as a result was unable to devote the necessary time and efforts to effectively prepare to proceed to trial in this case.

22. The above fact was coupled with recent disclosures by the Government that would have necessitated a flurry of work necessary to have this case in position to proceed on Aug. 16, 2021. These disclosures will be outlined in the Defenses filing for permission to file court deliverables out of time which the Defendants have drafted but are waiting on a conferral position from the government.

23. Based on the above, the teachings of relevant case law, including the principles and holdings in *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); *United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010); *United States v. Loughrin*, 2013 WL 856577 (10th Cir. 2013); *United States v. Watson*, 766 F.3d 1219 (10th Cir. 2014); *United States v. Margheim*, 2014 WL 5462332 (10th Cir. 2014); *Bloate v. United States*, 599 U.S. 130 (2010); and *United States v. Tinklenberg*, 563 U.S. 647 (2011), support the parties' position and give the Court ample grounds to grant the Motion, without predicating its ruling on congestion of the court's calendar or lack of diligent preparation by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(i)-(iv); *see also* 18 U.S.C. § 3161(h)(7)(C).

24. Therefore, the totality of relevant circumstances inescapably gives rise to the conclusion that the failure to exclude an additional 67 days from the speedy trial act would deprive the parties the time reasonably necessary for effective trial preparation resulting in the risk of a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). As such, the ends of justice achieved by excluding at least an additional 67 days from the time

otherwise required for a speedy trial outweigh the best interests of the public and the defendant in a speedy trial as defined by 18 U.S.C. § 3161(c).  18 U.S.C. § 3161(h)(7)(A).

WHEREFORE, the Defendant's respectfully requests the Court grant its motion to exclude 67 days from the speedy trial computation and set this matter for trial as previously discussed by the parties and this Court for Nov. 1-5.

Dated: August 25, 2021                                Respectfully submitted,


*/S/ Benjamin Hartford*
Benjamin Hartford #35005
Law Office of Benjamin Hartford
650 S Cherry Street Ste 1225
Denver CO 80246
Phone: (303) 818-7209
E-mail: ben@bhartfordlaw.com
*Attorney for Timothy Spikes*


*s/Jill M. Jackson, Esq.*
Law Office of Jill M. Jackson LLC.
650 S. Cherry Street, Suite 1225
Glendale, CO 80246

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the __th day of ___ 2021, I electronically filed the foregoing **DEFENDANTS MOTION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT** with the Clerk of the Court using CM/ECF, which will send notification of such filing to the parties on record.

Celeste.Rangel@usdoj.gov
Brian.Dunn@usdoj.gov

*/S/ Benjamin Hartford*
Benjamin Hartford #35005

*/S/ Jill Jackson*
Jill Jackson #44517