IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 19-cr-264-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     **TIMOTHY SPIKES**,
2.     **SYLVIA MONTOYA**,

      Defendants.

---

**ORDER DISCHARGING IN PART AND MAKING ABSOLUTE IN PART THE ORDER TO SHOW CAUSE AND GRANTING THE GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE IMPROPER CHARACTER TESTIMONY AND PROPOSED EXPERT TESTIMONY AND MOTION PURSUANT TO FED. R. EVID. 702 REGARDING DR. MARY CABLK**

---

This matter is before the Court on the October 1, 2021 Order to Show Cause ("OSC"), in which the Court directed Defendants Timothy Spikes and Sylvia Montoya to show cause as to why the Court should not strike some or all of Defendants' witness lists (ECF Nos. 167, 172) for: (a) listing witnesses solely to elicit testimony in direct contravention of the Court's prior orders; and/or (b) failing to comply with Defendants' reciprocal discovery obligations.  (ECF No. 175.)  Defendants filed a joint response to the OSC on October 8, 2021 (ECF No. 179), and the Government replied on October 14, 2021 (ECF No. 182).

Also before the Court are the Government's Motion *in Limine* to Exclude Improper Character Testimony and Proposed Expert Testimony ("Motion *in Limine*") (ECF No.

185), as well as the Government's Motion Pursuant to Fed. R. Evid. 702 Regarding Dr. Mary Cablk ("702 Motion") (ECF No. 186).  Notwithstanding the Court's order directing Defendants to file a response to these motions on or before 9:00 a.m. on Monday, October 25, 2021 (ECF No. 183), Defendants have not to date responded to these motions.

The Court presumes familiarity with the extensive procedural history of this case and the contents of the Court's prior orders (*see* ECF Nos. 113, 147), which the Court will not repeat here.

For the reasons stated below, the Court makes the OSC absolute in part and discharges the OSC in part, strikes portions of the Defendants' witness lists, grants the Motion *in Limine*, and grants the 702 Motion.

## I. ORDER TO SHOW CAUSE

**A.    Witnesses Listed in Contravention of Prior Orders**

During the Final Trial Preparation Conference on August 9, 2021, the Court discussed its concerns regarding the Defendants' original witness lists and the possibility that Defendants may attempt to circumvent the undersigned's prior orders with questions that run contrary to those rulings:

> I'm going to get very upset, very quickly, if I think
> that defense counsel is trying to go around my rulings.  I
> have issued certain rulings in this case.  They are the law
> of the case, and I expect counsel to remain within those
> rulings.  If you're contemplating a question that you think
> even has a chance of going outside the boundaries of one of
> my orders, then I insist, and I direct you, Mr. Hartford and
> Ms. Jackson, to seek a sidebar first and -- and get a
> understanding or ruling from me as to whether the question

> is permissible or not.
>
> . . .
>
> You have endorsed Jason Cole and Bridgette Dolan, whose only purpose that I can see is to call them to go down this rabbit hole. And I'm not going to let you do it. You can appeal me if you think my error -- my rulings were in error. You can pursue whatever theory you want of some conspiracy between GEO and the federal government and local law enforcement to your heart's content, whatever is within your rights to do in the civil case. But you're not going to do it here. All right? And I expect and demand that that is how we're going to proceed with this trial.

(Tr. at 12–14.)[1]

Notwithstanding the Court's clear discussion on this topic, Defendants filed revised witnesses lists on September 30, 2021 that causes the Court to be concerned, despite the aforesaid warnings to defense counsel, that Defendants still intend to call witnesses (including, without limitation, Bridgette Dolan, Rene Schook, and Dr. Mary Cablk) to pursue theories that have been rejected by the Court in prior orders. (ECF Nos. 167, 172, 175.)

In their response to the OSC, Defendants did not explicitly address the Court's concerns. Instead, Defendants merely identify the purposes for which they intend to call each witness, which include, *inter alia*:

> 3. Dr. Mary Cablk– Defendant's [*sic*] have provide [*sic*] a summary of anticipated testimony to the Government as is required for any expert under Rule 16. Further[,] Dr. Cablk will testify to and about an alert or indication from a narcotics dog on currency and what that means and if currency in a

---

[1] As of the date of this Order, the parties have not requested an official copy of the full Final Trial Preparation Conference transcript. Thus, in this Order, the Court will cite the draft transcript prepared by the court reporter ("Tr.").

> general circulation would routinely have the odor of narcotics.
>
> . . .
>
> 15. Rene Schook – Ms. Schook was an employee of GEO detention facility, she was terminated as part of an investigation for her prohibited/illegal accessing of attorney client calls between Mr. Spikes and his counsel. She also worked with Bridgette Dolan[,] the wife of [Sergeant] Foster. Her testimony would be used for impeachment purposes of Ms. Dolan and [Sergeant] Foster. She would also testify as to why she was accessing these calls and who she was relaying this information [*sic*]. Further, she represented to Mr. Spikes that she wouldn't lie about what and who requested the calls access [*sic*].
>
> 16. Bridgette Dolan – Wife of [Sergeant] Foster, her testimony about the prohibited/illegal accessing of Mr. Spikes [*sic*] attorney privilege calls, her accessing Mr. Spikes at the Jail[,] and the purpose of learning his trial and case preparation strategy. These facts are important to show the means and lengths that [Sergeant] Foster was willing to employ to secure a conviction against Mr. Spikes and Ms. Montoya. Further[,] her testimony would be used for impeachment of [Sergeant] Foster.

(ECF No. 179 at 2, 4–5.)

The Court will address the propriety of Dr. Cablk's proposed testimony below in Part III. However, based on Defendants' response to the OSC, it is abundantly clear that Defendants anticipate calling Schook and Dolan to pursue unsubstantiated theories that have been rejected by the Court.

As the Court previously recognized in the Order Denying Defendants' Joint Motion for Fed. R. Crim. P. 41(g) Return of Information & Request for Leave to File Any Related Motions Out of Time for Good Cause,

> [a]s part of the Government's investigation, ATF Special Agent Cole specifically asked Aurora and Denver law

> enforcement personnel involved in this case if they had asked GEO to provide them with Spikes's attorney calls, asked GEO employees to review Spikes's calls, or received any of Spikes's jail calls. Everyone indicated that they had not done so. (ECF No. 134 at 4.)
>
> Defendants have failed to come forward with any credible evidence demonstrating that, notwithstanding their representations to ATF Special Agent Cole, one or more members of State law enforcement were involved in the unauthorized access of Spikes's privileged calls.
>
> . . .
>
> At bottom, in reviewing the evidence submitted in support of the Motion, the Court notes that it has received: (1) affidavits from law enforcement personnel involved in this case adamantly denying any involvement in the unauthorized access of Spikes's privileged phone calls, and (2) reports from ATF Special Agent Cole's detailed investigation that has not revealed any wrongdoing by state law enforcement. Despite ample opportunity to do so, Spikes has failed to support his allegations with any evidence of his own and has decided not to produce his own affidavit signed under the penalty of perjury that recounts his conversations with GEO personnel.

(ECF No. 147 at 12–13, 15.)

Because Defendants have still failed to come forward with any evidence demonstrating the veracity of their allegations that law enforcement was involved in the unauthorized access of Spikes's privileged phone calls, the Court easily finds that the relevance of such purported impeachment evidence at trial is substantially outweighed by the danger of unfair prejudice, misleading the jury, confusing the issues to be determined at trial, and wasting time by creating a trial within the trial. As such, pursuant to Federal Rule of Evidence 403, Defendants will not be permitted to call Dolan or Schook at trial. *See Taylor v. Illinois*, 484 U.S. 400, 410 (1988) (recognizing that a

5

defendant "does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence"); *Crane v. Kentucky*, 476 U.S. 683, 689–90 (1986) (recognizing that the Constitution allows judges "wide latitude to exclude evidence that is repetitive . . . , only marginally relevant or poses an undue risk of harassment, prejudice, [or] confusion of the issues" (internal quotation marks omitted)).

Accordingly, the Court therefore makes this portion of the OSC absolute. Moreover, Defendants are on notice that the Court <u>will not</u> allow Defendants to call any other witnesses to call into question matters upon which the Court has already ruled as a matter of law (including, without limitation, that law enforcement's March 6, 2019 search of the 2019 Charger was supported by probable cause established by K-9 Puck's alert to the odor of narcotics).

**B.     Violations of Defendants' Reciprocal Discovery Obligations**

Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure provides that "[t]he defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rule[ ] 702 . . . of the Federal Rules of Evidence as evidence at trial."  "If a party fails to comply with this rule, the court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances."  Fed. R. Crim. P 16(d)(2).

In their response to the portion of the OSC addressing Defendants' compliance with their reciprocal discovery obligations, Defendants represent that they have "provide[d] a summary of anticipated testimony to the Government as is required for any expert under Rule 16" for their expert witnesses: Jason Chilson, Craig Appel, and Dr. Mary Cablk.  (*See* ECF No. 179 at 1–2.)  Notably, they did not make any representations regarding the timing of their expert disclosures.

Notwithstanding the undersigned's Revised Practice Standard requiring that "[e]xpert witness disclosures pursuant to Fed. R. Crim. P. 16 shall be made not later than 14 days prior to the Final Trial Preparation Conference" (WJM Rev. Prac. Standard IX.E), the Government represents that defense counsel did not disclose its expert witnesses to the Government until October 1, 2021 (ECF No. 182 at 2).  Moreover, the Government represents that as of October 14, 2021, defense counsel *still* had not provided the Government with all of the exhibits relating to those expert witnesses.  (ECF No. 182 at 2–3.)  *Cf.* Fed. R. Crim. P. 16(b)(1)(A)–(b)(1)(C).  Without any reason to question the Government's representations, the Court finds that defense counsel's expert disclosures are untimely and considers whether exclusion of the expert witnesses is proper.

In the Tenth Circuit, a court may exclude evidence presented in violation of Rule 16 only upon a consideration of three factors: (1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the other party; and (3) the "feasibility of curing the prejudice with a continuance."  *United States v. Banks*, 761 F.3d 1163, 1198–99 (10th Cir. 2014).

Here, the Court has not been presented with any evidence of defense counsel's bad faith. To the contrary, it appears as though defense counsel's failures result from inadvertent neglect. Moreover, the Government has been aware of these experts for over a year, as the Court heard expert testimony from Appel, Chilson, and Cablk during the evidentiary hearing on Defendants' motion to suppress. (ECF Nos. 101, 104.) Thus, while defense counsel's neglect has undoubtedly caused some prejudice to the Government, the Court believes that the Government has nonetheless had ample time to prepare cross-examination for these expert witnesses. *See United States v. Arroyos*, 2015 WL 4072131, *2 (10th Cir. July 6, 2015) (finding district court did not abuse discretion in allowing DEA agent's expert testimony since the delay was not in bad faith and, while not timely disclosed under Rule 16, it was disclosed "in time for Arroyos to prepare cross-examination and obtain a competing expert," with the result that the defendant "suffered little from the delay").

Accordingly, the Court will not strike Defendants' expert witnesses based on their untimely disclosure. Defendants are directed to provide the Government with any outstanding expert discovery by **no later than noon on November 3, 2021**.

For the reasons set forth above, this portion of the OSC is discharged.

## II. MOTION *IN LIMINE*

"The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994); *see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of

evidence.").

In the Motion *in Limine*, the Government moves to limit Defendants' ability to introduce habit testimony or expert testimony from defense witness Alex Golston. (ECF No. 185.)

Defendants neither responded to the Motion *in Limine* in accordance with the deadline imposed by the Court nor filed a motion to extend their response deadline. (ECF No. 183.)  As such, the Court concludes that the Motion *in Limine* is effectively confessed and could grant the Motion *in Limine* on that basis alone.  Nonetheless, solely in the interests of justice, the Court will consider the merits of the Government's requests.

**A.    Habit Evidence**

Under Federal Rule of Evidence 406,

> [e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice.  The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness.

Moreover, according to the Tenth Circuit, a habit is defined as

> a regular practice of meeting a particular situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving a hand-signal for a left turn, or of alighting from railway cars while they are moving.  The doing of the habitual acts may become semi-automatic.

*Camfield v. City of Okla. City*, 248 F.3d 1214, 1232 (10th Cir. 2001) (internal quotation marks omitted).  The advisory committee notes to Rule 406 state that, "[w]hile adequacy

of sampling and uniformity of response are key factors, precise standards for measuring their sufficiency for evidence purposes cannot be formulated." Fed. R. Evid. 406 advisory committee note. Nonetheless, the Tenth Circuit has recognized that "[f]ive incidents ordinarily would be insufficient to establish the existence of a habit." *Perrin v. Anderson*, 784 F.2d 1040, 1046 (10th Cir. 1986).

Defendants have endorsed Investigator Alex Golston to testify as follows:

> Inv. Alex Golston- Will testify about his interviewing of various witnesses on the case, about his experience and training as a former [Denver Police Department ("DPD")] officer[;] he is expected to testify for impeachment purposes about DPD officers, his review of this case and the sufficiency of the investigation. Inv. Golston will also provide testimony about working with [Sergeant] Foster and [Sergeant] Foster's habits and practices as an investigator.

(ECF No. 179 at 2.)

The Government moves to limit Golston's testimony on the basis that because "Sergeant Foster never worked with Mr. Golston, the [D]efendants will be unable to establish any personal knowledge of Sergeant Foster's 'practices,' much less any frequency of these 'practices' to qualify as habit evidence." (ECF No. 185 at 2.) It contends that Defendants are attempting to call Golston to opine on Sergeant Foster's "habits" to "circumvent the limitations on the admissibility of character evidence." (*Id.* at 2–3.) The Government therefore asks that the Court require a "specific proffer from defense counsel before they are permitted to ask questions of Mr. Golston about Sergeant Foster's 'habits' in the jury's presence." (*Id.* at 3.)

Without the benefit from a response from Defendants regarding the purposes for which they intend to call Golston, the Court is unable to determine that Defendants will

10

be able to satisfy the stringent requirements for the admissibility of habit evidence. As such, the Defendants are precluded from introducing testimony from Golston regarding Sergeant Foster or any other DPD officers' habits *unless and until* they satisfy the Court that Golston's proposed testimony is proper habit evidence.

Accordingly, this portion of the Motion *in Limine* is granted to the extent stated herein.

**B.    Expert Testimony**

Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C),

> **Expert Witnesses.** The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if—
>
> (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
>
> (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

The Government contends that "it appears that the [D]efendants intend to use Mr. Golston as an 'expert'" regarding "his review of this case and the sufficiency of the investigation." (ECF No. 185 at 3–4 (quoting ECF No. 179).) The Government represents that because "Mr. Golston was not part of the [D]efendants' expert notice which was provided to the [G]overnment on October 1, 2021," his expert testimony

11

should not be permitted because the Defendants have failed to comply with Rule 16(b)(1)(C).  (*Id.* at 4.)  The Court agrees.

Because Defendants have not provided the Government any expert disclosures for Golston pursuant to Rule 16(b)(1)(C), Defendants are precluded from calling Golston to testify at trial as an expert witness.

### III.  702 MOTION

A district court must act as a "gatekeeper" in admitting or excluding expert testimony.  *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005).  Expert opinion testimony is admissible if it is relevant and reliable.  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993).  The opinions are relevant if they would "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  They are reliable if (1) the expert is qualified "by knowledge, skill, experience, training, or education," (2) his opinions are "based upon sufficient facts or data," and (3) they are "the product of reliable principles and methods."  *Id.*  The proponent of expert testimony has the burden to show that the testimony is admissible.  *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

The Government contends that Defendants have failed to establish that Dr. Cablk's opinions are reliable because "[t]he [D]efendants' summary of Dr. Cablk's expert testimony fails to provide any basis for her opinion that 'a K-9 indication or alert on US currency is any way a reliable indication that the currency has or would be involved in a drug transaction"; and there is no basis provided in her opinion for either her opinion of "the percentage of currency that would trigger an alert or indication with any direct recent

involvement or contact with illicit drugs." (ECF No. 186 at 2.)  The Government therefore seeks an order requiring Defendants "to provide a detailed summary of Dr. Cablk's anticipated testimony and the bases for her opinions as required by Fed. R. Crim. P. 16 and Fed. R. Evid. 702" by no later than 12:00 p.m. on October 27, 2021.  (ECF No. 186 at 3.)

Because Defendants have not responded to the 702 Motion, the Court could also deem the 702 Motion confessed and exclude Dr. Cablk's testimony altogether on this basis alone.  After all, the Court agrees with the Government that Defendants' current expert disclosures do not demonstrate that Dr. Cablk's opinions regarding K-9 alerts or indications on U.S. currency are reliable.

However, in the interests of justice, the Court will allow Defendants to attempt to demonstrate the reliability of Dr. Cablk's anticipated expert testimony.  Defendants are therefore required to provide a detailed summary of Dr. Cablk's opinions in full compliance with the Federal Rules of Criminal Procedure and Federal Rules of Evidence by **no later than noon on November 3, 2021**.  To the extent Defendants are unable or unwilling to comply with this deadline, the Court will exclude Dr. Cablk's testimony.

Accordingly, the 702 Motion is granted as set forth herein.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Court's October 1, 2021 Order to Show Cause (ECF No. 175) is MADE ABSOLUTE IN PART and is DISCHARGED IN PART, as set forth herein;

2. Defendants may not call Rene Schook or Bridgette Dolan as witnesses at trial;

3. Defendants are DIRECTED to provide the Government with any outstanding expert discovery by no later than **noon on November 3, 2021**;

4. The Government's Motion *in Limine* to Exclude Improper Character Testimony and Proposed Expert Testimony (ECF No. 185) is GRANTED as set forth herein;

5. The Government's Motion Pursuant to Fed. R. Evid. 702 Regarding Dr. Mary Cablk (ECF No. 186) is GRANTED as set forth herein; and

6. Defendants are DIRECTED to provide a detailed summary of Dr. Cablk's opinions in full compliance with the Federal Rules of Criminal Procedure and Federal Rules of Evidence by no later than **noon on November 3, 2021**.

Dated this 28th day of October, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge