IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00264-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

  1.  TIMOTHY SPIKES,
  2.  SYLVIA MONTOYA

      Defendant.

---

## DEFENDANT'S JOINT MOTION TO PERMIT A RETEST OF CONTROLLED SUBTANCES BY A DEA CERTIFIED LAB (ROCKY MOUNTAIN INTRUMENTAL LABORATORIES)

---

COMES NOW Attorney Benjamin Hartford and Jill Jackson are jointly requesting this Court to permit and provide an order to allow for a retest of the Methamphetamine (27 gms) that was seized on March 28th, 2019.

DUTY TO CONFER Counsel Hartford has inquired with Ms. Rangel on her position several times and Ms. Rangel informed that she would do whatever the Court ordered in relation to the retesting, she didn't state she was opposed nor did she state she was unopposed when specifically asked. The best Counsel can represent is that Ms. Rangel is deferring to the Court.

AS GROUNDS as this Court is abundantly aware the converted drug weight (CDW) for Meth (Actual) is 1 gram = 20 kilograms in CDW verses for Meth (Actual) vs 1 gram = 2 kilograms in CDW for Meth (Mixture).  This obviously significantly effects base offense level scoring and sentencing guidelines and recommendations made on a PSIR.  The Defendants are not challenging that illicit substance was seized from the residence nor that it was an illicit substance.  Defense counsel has contacted an independent forensic toxicologist and the former lab director of

Chemotox Sarah Urffer and learned that the preferred method for the Denver Crime Lab is to take the best crystalline sample from the methamphetamine and test it in a solution to arrive at a purity level.  In speaking with the Lab Director for Rocky Mountain Instrumental Laboratory this method of testing is not as representative as of the entire sample as their method of testing in which they pulverize the entirety of the collected drugs in this case 27 grams, and then take a sample of the resulting powder as a fairer representation of the entire collected drug sample.  It is unknown if a second test would provide a result that would be demonstrably different from the results provided by the Denver Crime Lab, but at minimum a second test would be more fairly representative and the Defense would bear the costs for any retest.  The Defendants would note that RMIL is a lab that does have DEA certification and has tested and retested narcotics on federal cases in the past.

The Defense is also aware that this Court in prior cases has elucidated a policy dispute with the Meth (Actual) vs. Meth (Mixture) and has disagreed with the enhancement based on this difference.  The Defense anticipates filing a brief requesting the Court apply its reasoning in prior cases to the present case and if the Court is inclined to rule in this fashion the necessity for a retest would obviously become moot.

WHEREFORE the Defendants request this Court allow for the retest of the 27 gms of meth seized from the residence based on the above grounds or in lieu of the Court granting leave the Court denying said request as moot.

Dated this 13 Day of December 2021

s/Benjamin Hartford
Attorney for Defendant Timothy Spikes

s/Jill Jackson
Attorney for Defendant Sylvia Montoya

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this 13th day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Celeste.Rangel@usdoj.gov


/S/ Benjamin Hartford
Attorney for Defendant
Timothy Spikes