IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00264-WJM-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. TIMOTHY SPIKES,

    Defendant.

---

# PLEA AGREEMENT

---

The United States of America (the government), by and through Celeste Rangel, Assistant United States Attorney for the District of Colorado, and the defendant, Timothy Spikes, personally and by counsel, Benjamin Hartford, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

## I. AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

    (1)    waive indictment and plead guilty to Count 1 of an Information charging Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and Count 2 of an Information charging Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine, a Schedule II controlled substance, in violation of 21 United States Code, Sections 841(a)(1) and (b)(1)(C);

    (2)    waive certain appellate and collateral attack rights, as explained in detail below;

Court Exhibit

1

19-cr-264-01

(3) agree not to contest forfeiture as more fully described below.

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A). The government agrees to move to dismiss the Indictment with prejudice, against this defendant only. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter, other than that outlined above, in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statutes of conviction, 18 U.S.C. § 924(c) and 21 U.S.C. §§ 841(a)(1), (b)(1)(C);

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 28 as to Count 2 plus a consecutive 60 months as to Count 1; or

(3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that "extraordinary and compelling reasons" for a sentence reduction are lacking or that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

**D. Forfeiture of assets**:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, Sections 924(d); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere.  The assets to be forfeited specifically include, but are not limited to: (1) Springfield Armory XD pistol, 45 caliber, bearing serial number US684774, (2) the recovered ammunition, and (3) approximately $1,575.00[1] in United States currency seized from the defendant, which the defendant agrees constitute proceeds from the violation alleged in Count 2.  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.   The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters.  Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him if notice is not sent within the prescribed time frames.  The defendant further agrees to the forfeiture of any

---

[1] In total, approximately $7,492.00 in United States currency was seized from the co-defendant's vehicle, the defendant's residence, and the defendant. With regard to the $3,000.00 seized from the co-defendant's vehicle, the defendant disclaims any interest in the cash as detailed below. With regard to the $1,342.00 in United States currency seized from the defendant's residence, the United States has agreed to return the cash to the defendant's minor son, T.S, either through the defendant, T.S.'s mother, or someone exercising power of attorney on either of their behalf. With regard to the $3,150.00 in United States currency seized from the defendant, the defendant agrees that $1,575.00 is proceeds from the violation alleged in Count 2 and the United States has agreed to return $1,575.00 to the defendant based on information presented to the United States regarding the source of the money.

substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e).

The defendant admits and agrees that the conduct described in the Stipulation of Facts below provides a sufficient factual and statutory basis to establish that the requisite nexus exists between the specific property subject to forfeiture and the offense to which defendant is pleading guilty. Pursuant to Fed. R. Crim. P. 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the Court find that the Government has established the requisite nexus and enter a preliminary order of forfeiture.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

In addition to forfeiture, the defendant further agrees to relinquish all claim, title, and interest he has in the above-mentioned property from the defendant to the United States.

With regard to the $3,000.00 in United States currency seized from the co-defendant's vehicle, the defendant disclaims any ownership interest. To the extent the defendant could be construed as having any legal interest in the $3,000.00 in United States currency seized from the co-defendant's vehicle, the defendant relinquishes and abandons all claims, title, and interest the defendant has in such property.

II. ELEMENTS OF THE OFFENSES

The parties agree that the elements of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine are as follows:

### Count 1: 18 U.S.C. § 924(c)

*First*: the defendant committed the crimes of Possession with Intent to Distribute Mixtures and Substances Containing a Detectable Amount of Methamphetamine and Cocaine Base, which are drug trafficking crimes;

*Second*: the defendant possessed a firearm in furtherance of this crime.

### Count 2: 21 U.S.C. §§ 841(a)(1), (b)(1)(C)

*First*: The defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*: The substance was in fact cocaine;

*Third*: The defendant possessed the substance with the intent to distribute it.

### III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 1 of the Information is: not less than 5 years' imprisonment, not more than life imprisonment, consecutive to any other sentence; maximum term of supervised release 5 years; maximum fine $250,000; and $100 mandatory victim's fund assessment fee. The maximum sentence for a violation of Count 2 of the Information is: not more than 20 years' imprisonment; minimum term of supervised release 3 years; maximum fine $1,000,000; $100 mandatory victim's fund assessment fee.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the government would be able to prove the following facts at trial.

1. On March 6, 2019, the defendant's vehicle was stopped by an Aurora Police officer for a window tint violation. After a K-9 positively alerted to the odor of narcotics within the vehicle, the defendant's vehicle was seized pending the issuance of a search warrant. The search warrant was obtained and executed on March 12, 2019. Inside of the glovebox of the vehicle was a stolen, loaded handgun, a digital scale with residual cocaine powder, 8 grams' methamphetamine, and 1.64 grams of cocaine. The firearm was the Springfield Armory XD pistol, 45 caliber, bearing serial number US684774. The defendant stipulates that he possessed the methamphetamine and cocaine with the

intent to distribute these substances and that such possession constitutes drug trafficking crimes. The defendant further stipulates that he possessed the firearm in furtherance of these drug trafficking crimes.

2. Denver Police detectives were separately investigating the defendant's associate, co-defendant Sylvia Montoya. This investigation led them to discover an apartment leased by Ms. Montoya in Lakewood. Surveillance of the Lakewood apartment showed both the defendant and Ms. Montoya on several occasions at this location. On March 28, 2019, Denver Police officers saw the defendant and Ms. Montoya leave the Lakewood apartment together and drive away in a vehicle. Ultimately, officers stopped the vehicle being driven by Ms. Montoya in which the defendant was the front seat passenger. The defendant was arrested on an outstanding warrant for state charges stemming from his March 6, 2019 firearm and drug possession. A search incident to arrest located three cell phones, $3,150 cash, and a key to the Lakewood apartment. A K-9 dog alerted to the presence of the odor of narcotics within the vehicle and officers searched the passenger compartment. Inside of the center console of the vehicle was a clear plastic baggie containing a white powdery residue and $3,000 cash. The defendant disclaims any interest in the $3,000 cash and stipulates that $1,575 of the $3,150 seized is proceeds from the sale of narcotics.

3. While the defendant was being transported, the transporting officer noticed that he continually shifted his hands behind his back and readjusted his positioning in the patrol vehicle. When the defendant exited the patrol vehicle, his underwear was pulled down. A strip search was authorized and a baggie of 0.483 grams of heroin were

located in the defendant's anus.

4. Denver Police detectives obtained a search warrant for the Lakewood apartment. The search of the apartment resulted in the following relevant items: (1) co-defendant Montoya's W-2 and an energy bill addressed to the defendant at co-defendant Montoya's address in Denver; (2) 102 grams' cocaine; (3) 8 grams' heroin; (4) 27 grams' methamphetamine (actual); (5) four digital scales; (6) $1,342 cash; (7) a dinner plate with suspected cocaine residue; and (8) drug paraphernalia. The defendant disclaims any interest in the $1,342 seized and stipulates that it belongs to his minor son, T.S.

5. After his arrest, the defendant admitted to distributing narcotics as a source of income. The defendant's relevant conduct is 584 kilograms of converted drug weight.

6. The parties stipulate that all of the above conduct occurred in the District of Colorado.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is

only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

*Count 1:*

    a) The base guideline is U.S.S.G. § 2K2.4, which provides that the guideline sentence is the minimum term of imprisonment required by statute. The minimum term of imprisonment required by 18 U.S.C. § 924(c)(1)(A)(i) is **5 years**.

    b) Pursuant to U.S.S.G. § 2K2.4(b), U.S.S.G. Chapters Three and Four shall not apply to Count 1.

    c) Pursuant to U.S.S.G. § 2K2.4(d)(1), the fine guideline established in U.S.S.G. § 5E1.2, shall be the fine guideline that would have been applicable had there only been a conviction for the underlying offense, Possession with Intent to Distribute. The estimated offense level for this offense is 14. Therefore, the fine range for this offense would be $7,500.00 to $75,000.00 plus applicable interest and penalties.

    d) Supervised Release: Pursuant to U.S.S.G. § 5D1.2, if the Court imposes a term of supervised release, that term is not more than five years.

*Count 2:*

    a) The base guideline is U.S.S.G. § 2D1.1(c)(7), which provides that the base offense level is **26**.

    b) There is a **+2**-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. §2D1.1(b)(12).

    c) The adjusted offense level is **28**.

    d) The government does not believe that the defendant has demonstrated acceptance of responsibility and should not receive a reduction under U.S.S.G. § 3E1.1(a), nor does the government agree to move for an additional 1-level reduction for acceptance of responsibility pursuant to § 3E1.1(b). The defendant disputes this

and believes he is entitled to a 2-level reduction. The resulting total offense level is **28** according to the government or **26** according to the defendant.

e) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The government believe the defendant is in criminal history category **VI**. The defendant believes he is in criminal history category **IV**.

f) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

g) The advisory guideline range resulting from these calculations is 140 to 175 months (for total offense level 28) and 120 to 150 months (for total offense level 26). However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense levels estimated above could conceivably result in a range from 63 months (bottom of Category I for total offense level 26) to 175 months (top of Category VI for total offense level 28). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

h) Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $ 25,000 to $ 1,000,000, plus applicable interest and penalties.

i) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not less than 3 years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 12/8/21

_____
Timothy Spikes
Defendant

Date: 12/8/21

_____
Benjamin Hartford
Attorney for Defendant

Date: 12/13/21

_____
Celeste Rangel
Assistant U.S. Attorney